UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MICHAEL SALVATTORY PINEDO-RIOS,<br><br>Petitioner,<br><br>v.<br><br>PAM BONDI, et al.,<br><br>Respondents. | No.  1:26-cv-01982-DJC-SCR<br><br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee who filed this habeas corpus action through counsel and pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I.      Factual and Procedural History**

This case was transferred from the Central District of California and opened in this Court on March 12, 2026 because petitioner is confined in the California City Corrections Center, which is located in this judicial district.  See ECF No. 5-1 at 2 (Immigration Detention Record); ECF No. 10 (transfer order).  Petitioner's § 2241 petition has been fully briefed by the parties. ECF Nos. 18, 19.

In his verified § 2241 petition, petitioner challenges his "unlawful in abstentia removal order" issued by an Immigration Judge ("IJ") on January 12, 2026 on the basis that he did not

1

receive legally sufficient notice of the hearing.  ECF No. 1 at 4.  Petitioner does not attach a copy of the allegedly defective notice to appear or explain precisely what made the notice defective.  He alleges, "Petitioner did not receive a Notice to Appear that complied with statutory requirements under 8 U.S.C. § 1229(a)(1), nor did he receive proper written notice of the time and place of the hearing as required by 8 U.S.C. § 1229(a)(2)."  Id. at 4.

In petitioner's first claim for relief, he asserts a statutory violation of 8 U.S.C. § 1229(a) which requires that a notice to appear be served on a non-citizen to properly initiate removal proceedings.  ECF No. 1 at 5.  Petitioner also contends that based on the lack of notice, the removal order "was entered in violation of due process under the Fifth Amendment."  ECF No. 1 at 5.  Finally, petitioner challenges his ongoing detention based on a void removal order as unlawful and in violation of 28 U.S.C. § 2241.  Id.  By way of relief, petitioner requests that the in abstentia removal order be vacated and a stay of his removal be entered.  ECF No. 1 at 6.

In their answer, respondents contend that this Court lacks jurisdiction to grant the requested relief to vacate the removal order and issue a stay of removal pending the filing of a motion to reopen petitioner's immigration proceedings.[1]  ECF No. 18 at 2 (citing 8 U.S.C. § 1252(g) and Rauda v. Jennings, 55 F.4th 773, 777 (9th Cir. 2022)).  Additionally, respondents note that the Board of Immigration Appeals ("BIA") rejected petitioner's appeal of the removal order on March 1, 2026.  Therefore, petitioner has no pending appeal and he is subject to mandatory detention during the 90-day removal period pursuant to 8 U.S.C. § 1231(a)(2)(a).  ECF No. 18 at 3.  According to respondents, "the only obstacle to his removal is this Court's stay[.]"  Id.  Respondents did not attach to the answer petitioner's notice to appear.  Respondents did attach the IJ's January 12, 2026 removal order, which expressly found that petitioner "was provided written notification of the time, date, and location of… [the] removal hearing," as well

---

[1]  Habeas corpus petitions under 28 U.S.C. § 2241 are subject to both the Rules Governing Section 2254 Cases in the United States District Courts ("28 foll. § 2254") and the Federal Rules of Civil Procedure.  See 28 foll. § 2254, Rule 1 (rules apply to habeas petitions under § 2254 or, as appropriate, § 2241) and Rule 11 (Federal Rules of Civil Procedure apply to habeas actions if not inconsistent with governing statutes and rules).  As a result, the proper procedural vehicle for raising a jurisdictional challenge to a § 2241 petition is a motion to dismiss, and not an answer.  See Fed. R. Civ. P. 12(b)(1).

2

as the BIA's notice rejecting petitioner's appeal as an "[i]mproperly [c]ombined [s]ubmission." ECF No. 18-1.

By way of reply, petitioner argues that respondents misconstrue the nature of his habeas challenge. "Petitioner challenges the **legal validity of an in-abstentia removal order entered without proper notice**, in violation of both statute and the Fifth Amendment." ECF No. 19 at 4 (emphasis in original). Again, petitioner does not explain precisely what was defective about the notice, but notes it is the government's burden in an *in absentia* proceeding to prove that written notice to the noncitizen was provided. Id. According to petitioner, this Court has jurisdiction because the removal order is void and not merely erroneous. Id.

**II.    Legal Standards**

**A.  Jurisdictional Standards**

Section 1252 of Title 8 of the United States Code governs judicial review of orders of removal. It provides, in relevant part:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e). *For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision*, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(a)(5) (emphasis added). Another provision, the so-called "zipper clause," provides:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, *by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision*, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

8 U.S.C. § 1252(b)(9) (emphasis added). Together, § 1252(a)(5) and § 1252(b)(9) "'channel claims into the petition-for-review process,' and give judicial review of a final removal order

3

solely to the circuit courts." Bonilla v. Hermosillo, No. 2:25-cv-02196, 2025 WL 3237854, *3 (W.D. Wash. Nov. 19, 2025) (quoting Ibarra-Perez v. United States, 154 F.4th 989, 999 (9th Cir. 2025).

Another provision limiting district court jurisdiction, 8 U.S.C. § 1252(g), provides:

> Except as provided in this section and *notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, or any other habeas corpus provision*, … no court shall have jurisdiction to hear any cause or claim by or on behalf of any [non-citizen] arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any [non-citizen] under this chapter.

(Emphasis added.)  The Supreme Court has narrowly interpreted § 1252(g) as applying "only to [those] three discrete actions that the Attorney General may take:  her 'decision or action' to 'commence proceedings, adjudicate cases, or execute removal orders.'" Reno v. Am.-Arab Anti-Discrimination Comm. et al., 525 U.S. 471, 482 (1999) (emphasis omitted) (quoting 8 U.S.C. § 1252(g)).  The statute, however, does not "sweep in any claim that can technically be said to 'arise from' the three listed actions of the Attorney General." Jennings v. Rodriguez, 583 U.S. 281, 294 (2018).  "Thus, decisions or actions that are a part of the deportation process, but not specifically the action of commencing proceedings, adjudicating cases, or executing removal orders, are not jurisdictionally barred from judicial review." Trieu Minh Ly, v. Bondi, No. 5:26-cv-01320-SPG-DFM, 2026 WL 917605, * 4 (C.D. Cal. March 31, 2026) (citations omitted).

### B.  Statutory Scheme and Regulations

An IJ may rescind an *in abstentia* removal order on a motion to reopen filed within 180 days of the date of the order of removal if the non-citizen demonstrates that the failure to appear was due to "exceptional circumstances."  8 U.S.C. § 1229a(b)(5)(C)(ii).  An IJ may also reopen removal proceedings at any time if the non-citizen demonstrates that (1) he did not receive proper notice of the hearing or (2) was in government custody and not at fault for failing to appear.  8 U.S.C. § 1229a(b)(5)(C)(ii).  The filing of a motion to reopen has the effect of staying the removal order pending resolution of the motion by the IJ.  Id.  If dissatisfied with the IJ's ruling on the motion to reopen, the non-citizen may then seek review by the BIA pursuant to 8 C.F.R. § 1003.3(a)(1).  The non-citizen may petition the Court of Appeals for the applicable circuit for

review of the BIA's decision, but only if the non-citizen has first exhausted available administrative remedies before the IJ and BIA.  8 U.S.C. § 1252(d).  "Any petition for review… shall… be confined to (i) the validity of the notice provided to the [non-citizen], (ii) the reasons for the [non-citizen's] not attending the proceeding, and (iii) whether or not the [non-citizen] is removable."  8 U.S.C. § 1229a(b)(5)(D).

In Cui v. Garland, 13 F.4th 991 (9th Cir. 2021), the Ninth Circuit considered the question of finality when applied to *in absentia* removal orders.  Cui first noted that, generally, removal orders become final "upon the earlier of (i) a determination by the [BIA] affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the [BIA]."  Id. at 996. (quoting 8 U.S.C. § 1101(a)(47)(B)).  The court then noted that *in absentia* orders, unlike removal orders generally, "may not be appealed to the BIA without first filing a motion to reopen the order before the IJ within 180 days of the order."  Id. (citing 8 U.S.C. § 1229a(b)(5)(C)(i)).  Given the 180-day period, the Cui court concluded that removal orders issued *in absentia* become "final at the end of the 180-day period" if no motion to reopen is filed or after BIA review.  Id.

**III.    Analysis**

Petitioner asks this court to do two things: (1) review and invalidate his *in absentia* removal order, and (2) order that his removal be stayed pending such review.  The Court should not do either, at least absent a showing that the ordinary channels for administrative review and a petition for review to the Ninth Circuit Court of Appeals are unavailable to petitioner.[2]

As noted above, Congress established procedures for a non-citizen seeking to rescind an *in absentia* removal order, including procedures for judicial review—on a petition for review to a federal Court of Appeals—of such an order.  Congress specifically divested district courts of habeas jurisdiction to review orders of removal.  8 U.S.C. § 1252(a)(5); § 1252(b)(9).  This Court

---

[2] The factual record and briefing should have been more complete.  Neither party included a copy of the notice to appear that is the crux of petitioner's challenge.  Petitioner did not even specify the particular defects in that notice.  Moreover, both parties failed to address obvious jurisdictional issues, as well as the Ninth Circuit's decision in Cui.

accordingly lacks jurisdiction to review the challenged order of removal.[3]

Nor is there a present basis for the Court to enjoin petitioner's removal.  As a starting point, petitioner is not currently subject to an administratively final order of removal.  Under Cui, petitioner's January 12 order of removal will not become final until 180 days after the entry of that order, if no motion to reopen is filed.  See 13 F.4th at 996.  Accordingly, there is no current lawful basis for petitioner to be removed.  Moreover, petitioner would obtain a stay of removal by operation of statute by filing a motion to reopen his removal proceedings in immigration court.  See 8 U.S.C. § 1229a(b)(5)(C)(ii).  He should at least pursue that administrative remedy before seeking to have a federal habeas court intervene.  Nor is there anything in the record to indicate that respondents imminently intend to remove petitioner.  Contrast Bonilla, 2025 WL 3237854, *1, *3-5 (granting temporary restraining order to prohibit removal based on an *in absentia* order where petitioner had sought to reopen removal proceedings before the IJ and immigration officials indicated that any legal action to prevent deportation "would have to be done as soon as possible").  Accordingly, the Court need not—at least at this point—determine whether Rauda, 55 F.4th 773, would dictate that the Court lacks jurisdiction to enjoin petitioner's removal.

To be clear, the Court is troubled by respondents' assertion that petitioner is subject to a final order or removal and therefore currently subject to mandatory detention during the 90-day removal period.  ECF No. 18 at 3.  The Court is similarly troubled by respondent's assertion that, "the only obstacle to [petitioner's] removal is this Court's stay[.]"  ECF No. 18 at 3.  Under Cui, which is binding Ninth Circuit precedent, see 13 F.4th at 996, both assertions are wrong.  The Court trusts that counsel for respondents will inform DHS officials of the impact of Cui on petitioner's detention and removability.

---

[3] Petitioner has not alleged that he has been prevented from availing himself of the statutory procedures for seeking to reopen his *in absentia* order or seeking judicial review of that order.  Accordingly, there is no basis on the current record for the Court to conclude that those procedures are unavailable to petitioner such that the Due Process Clause or the Suspension Clause might allow this court to exercise habeas jurisdiction as a last resort.  See I.N.S. v. St. Cyr, 533 U.S. 289, 300 (2001) ("Because of [the Suspension] Clause, some 'judicial intervention in deportation cases' is unquestionably 'required by the Constitution.'") (quoting Heikkila v. Barber, 345 U.S. 229, 235 (1953).).

For the foregoing reasons, IT IS RECOMMENDED that petitioner's petition for a writ of habeas corpus (ECF No. 1) be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 20, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE